1
2
3
4
5
6
7                    **IN THE UNITED STATES DISTRICT COURT**

8                      **FOR THE DISTRICT OF ARIZONA**

9  **PETER FRANK BURRUEL,**            )
                                       )
10          **Defendant/Movant,**      )
                                       )      **CR  09-00396 PHX SRB**
11          **v.**                     )      **CIV 11-00122 PHX SRB (MEA)**
                                       )
12  **UNITED STATES OF AMERICA**       )      **REPORT AND RECOMMENDATION**
                                       )
13          **Plaintiff/Respondent**   )
                                       )
14  _____   )

15

16  **TO THE HONORABLE SUSAN R. BOLTON:**

17          On January 18, 2011, Mr. Peter Burruel ("Movant") filed

18  a Motion to Vacate, Set Aside or Correct Sentence, pursuant to

19  28 U.S.C. § 2255, regarding a criminal conviction and sentence

20  entered by the Court in 2009.  Respondent filed a Response to

21  Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on March

22  7, 2011.  <u>See</u> Doc. 5.

23          **I  Procedural History**

24          An indictment filed April 14, 2009, in criminal docket

25  number 09-00396 in the United States District Court for the

26  District of Arizona, charged Defendant with one count of

27  conspiracy to possess with the intent to distribute marijuana,

28  in violation of 21 U.S.C. § 846, and one count of possession

    with intent to distribute marijuana, in violation of 21 U.S.C.

§§ 841(a)(1) and 841 (b)(1)(D).   <u>See</u> Criminal Doc. 13.   On September 29, 2009, Movant pled guilty to one count of conspiracy with the intent to possess more than one kilogram of marijuana, pursuant to a written plea agreement.   <u>See</u> Criminal Doc. 84; Criminal Doc. 140; Response, Exh. A.   The terms of the plea agreement included an explicit waiver that Movant would not seek to collaterally attack his conviction or sentence.

On November 30, 2009, the District Court accepted the plea agreement and Movant's entry of a guilty plea.   Consistent with the terms of the agreement, on that date the Court sentenced Movant to a term of 87 months imprisonment pursuant to his conviction for conspiracy with the intent to possess more than one kilo of marijuana and to a consecutive sentence of 10.5 months imprisonment pursuant to 18 U.S.C. § 3147, which requires an additional consecutive sentence for conviction of a crime committed while on supervised release.   The sentence in this matter, CR 09-396, was ordered to be served concurrently with that imposed by the United States District Court for the District of Arizona in 2004, in a case wherein Movant was convicted of conspiracy to possess with intent to distribute marijuana.   In the 2004 matter Movant pled guilty pursuant to a plea agreement and was sentenced to a term of three years imprisonment and three years supervised release.   In the 2004 matter, pursuant to the plea agreement, the government agreed to dismiss charges related to the possession of methamphetamine.

In this section 2255 action, arising from his 2009 conviction, Movant alleges that his trial counsel "coerced [him] into pleading guilty ... without fully explaining ... the

-2-

consequences of the guilty plea." Movant also alleges that his trial counsel "did not investigate the facts and law of the case." Movant also contends that his trial counsel informed Movant that he would receive a sentence at the "low end" of the sentencing range applicable to his conviction, yet Movant received "ten [] more months than what [he] bargained for." Movant further asserts that the District Court abused its discretion by not substituting a "competent attorney" for Movant's attorney at an evidentiary hearing.

Respondent asserts that the section 2255 motion is not timely. Respondent also contends that Movant waived his right to challenge his conviction and sentence and that Movant was not denied his right to the effective assistance of counsel.

**II Analysis**

**Statute of limitations**

A one-year statute of limitations on a section 2255 action applies to criminal convictions entered by the Court. The statute of limitations begins to run when a conviction becomes final. See, e.g., United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000). "The Supreme Court has held that a conviction is final in the context of habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001), quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 n.6 (1987). In cases in which the defendant does not file a direct appeal, the conviction becomes final fourteen days

-3-

after the entry of the judgment.  See Schwartz, 274 F.3d at 1223 n.1; Fed. R. App. P. 4 (2011).

Respondent notes Movant's conviction became final on December 14, 2009, fourteen days after he was sentenced on November 30, 2009, and, accordingly, that the one-year deadline for Movant to file his section 2255 motion expired on December 14, 2010.  Respondent argues that, because Movant's section 2255 motion was filed on January 12, 2011, it was not filed within the one-year statute of limitations and should be dismissed. However, Movant previously filed a section 2255 motion on March 2, 2010, which motion was dismissed without prejudice on May 14, 2010, because Movant's place of incarceration had changed and mail sent to Movant was returned to the Court.  See Burruel v. United States, 2:10 CV 00480 PHX DGC, at Doc. 6.  Accordingly, because it appears that Movant acted to preserve his right to a timely section 2255 action, the Magistrate Judge concludes that the statute of limitations should not bar the consideration of Movant's section 2255 motion.

**Waiver of the right to a collateral attack**

Respondent also asserts that Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement.  The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement.  See Response, Exh. A.  The sentence imposed on Movant was consistent with the terms of the plea agreement.  Because the sentence imposed was in accordance with the plea agreement, the plea

-4-

agreement is valid.   Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action challenging his sentence the section 2255 motion may be summarily denied.   See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement with regard to a defendant's sentence may be brought notwithstanding a waiver of the right to a collateral attack in the plea agreement, but only if the agreement was involuntary or unknowing, or if the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful.   See United States v. Anglin, 215 F.3d 1064, 1066-67 (9th Cir. 2000); United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000); United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary.  See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998)(holding, in a section 2255 case, that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing.  See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969).  A review of the record leads the undersigned to conclude Movant's guilty plea was voluntary and made intelligently.  See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence.  Accordingly, the section 2255 petition may be denied and dismissed solely on this basis.  Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("we doubt that a plea agreement could waive a claim of ineffective of assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

1        **Movant's ineffective assistance of counsel claims**

2            The Sixth Amendment guarantees criminal
3        defendants the right to effective assistance
         of counsel. <u>Strickland v. Washington</u>, 466
4        U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674
         (1984).... To prevail on a claim of
5        ineffective assistance of counsel, petitioner
         must show 1) his attorney's performance was
6        unreasonable under prevailing professional
         standards; and 2) there is a reasonable
7        probability that but for counsel's
         unprofessional errors, the results would have
8        been different. <u>United States v. Blaylock</u>,
         20 F.3d 1458, 1465 (9th Cir. 1994) (quoting
9        <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at
         2064). "Strickland defines a reasonable
10       probability as 'a probability sufficient to
         undermine confidence in the outcome.'" <u>Id.</u>

11  <u>United States v. Span</u>, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

12           In order to find that Movant was deprived of the
13  effective assistance of counsel and grant him habeas relief, the
14  Court must conclude counsel's performance was incompetent and
15  that his deficient performance prejudiced Movant.

16           [N]ot every case of deficient performance
         under <u>Strickland</u> represents a constructive
17       denial of the right to counsel. In fact, it
         will be the rare claim of ineffective
18       assistance that is tantamount to a
         constructive denial of counsel. <u>Strickland</u>
19       remains the norm for ineffective assistance
         claims, and the Supreme Court has made clear
20       that it will not countenance a per-se
         prejudice exception which will swallow the
21       actual prejudice <u>Strickland</u> rule.

22  <u>Glover v. Miro</u>, 262 F.3d 268, 276-77 (4th Cir. 2001). <u>See also</u>
23  <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 (9th Cir. 2001); <u>United</u>
24  <u>States v. Cruz-Mendoza</u>, 147 F.3d 1069, 1072 (9th Cir. 1998).

25           Movant must overcome a strong presumption that his
26  counsel's representation was within a wide range of reasonable
27  professional assistance. <u>See United States v. Molina</u>, 934 F.2d
28  1440, 1447 (9th Cir. 1991). Additionally, Movant bears the

-7-

burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective.  See, e.g., United States v. Quintero Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

To establish that his counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable. United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Johnson v. Alabama, 256 F.3d 1156, 1176-77 (11th Cir. 2001). Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance.  See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are also governed by the doctrine of Strickland.  See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Gonzalez v. United States, 33 F.3d 1047, 1051-52 (9th Cir. 1994).  When a defendant challenges a conviction or sentence resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial.  See Hill, 474 U.S. at 59, 106 S. Ct. at 370; United States v. Alvarez Tautimez, 160 F.3d 573 577 (9th Cir. 1998); United States v. Baramdyka, 95 F.3d 840, 844-45 (9th Cir. 1995).

1        Pursuant to section 2255 "[r]eview of counsel's
2   performance is highly deferential and there is a strong
3   presumption that counsel's conduct fell within the wide range of
4   reasonable representation." United States v. Ferreira-Alameda,
5   815 F.2d 1251, 1253 (9th Cir. 1996).   With regard to the
6   prejudice prong of the Strickland analysis, the probability of
7   prejudice may not be based merely upon conjecture or
8   speculation.   See Mickens v. Taylor, 122 S. Ct. 1237, 1246
9   (2002) (Kennedy, J. concurrence) (regarding speculation as
10  having no place in a Strickland analysis).

11       Movant's counsel's advice to accept the plea agreement
12  was not deficient or incompetent.   Movant has not demonstrated
13  that he would not have accepted the plea agreement but for his
14  counsel's advice.   The plea agreement was very beneficial to
15  Movant and Movant was familiar with the charges against him and
16  the potential sentence he faced if convicted on all charged
17  counts.

18       **III CONCLUSION**

19       Movant's section 2255 motion was timely filed because
20  Movant previously filed a section 2255 petition, i.e., Movant
21  acted with due diligence to timely file a collateral attack on
22  his 2009 conviction and sentence.   Because the waiver of his
23  right to collaterally attack his sentence in the written plea
24  agreement was not unknowing or involuntary, the Court may
25  dismiss Movant's claims as waived.   Additionally, Movant has not
26  established that he was deprived of his constitutional right to
27  the effective assistance of counsel because he offers no
28  evidence his counsel's performance was deficient or that he was

prejudiced by any alleged deficiency.



        **IT IS THEREFORE RECOMMENDED** that Mr. Burruel's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

        This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

        Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

        Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a

waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 15th day of April, 2011.

_____
Mark E. Aspey
United States Magistrate Judge